REQUESTED BY: Senator Emil E. Beyer, Jr. Member of the Legislature 2100 State Capitol Lincoln, Nebraska 68509
Dear Senator Beyer:
You have sent us a copy of a proposed bill, and have asked our opinion as to its constitutionality. The bill would amend Neb.Rev.Stat. § 2-1213 (Supp. 1981). The section as it now reads provides for races limited to Nebraska-bred horses, and provides that three percent of the first money of every purse won by a Nebraska-bred horse shall be paid to the breeder of such horse. It also defines a Nebraska-bred horse. The amendment to this section which raises constitutional questions reads as follows:
 The Nebraska Racing Commission may designate official registrars for purpose of registration and to certify the eligibility of Nebraska-bred horses. An official registrar shall perform the above duties in accordance with policies and procedures adopted by the State Racing Commission in the current Rules and Regulations of the Commission. The Commission may authorize the official registrar to collect specific fees to compensate for expenses of the registry in the performance of its duties. The amount of said fee or fees shall be established by the Commission and shall not be changed without Commission approval. Fees shall not exceed $50 per horse.
 Any decision or action taken by the official registry shall be subject to review by the Commission or may be taken up by the Commission on its own initiative.
We considered a very similar proposal in our opinion No. 134, dated July 31, 1981, addressed to you. In that proposal, however, the Commission was specifically authorized to delegate to certain organizations some of the Commission's powers and duties. We cited cases to the effect that governmental powers could not be delegated to private individuals or organizations, and were of the opinion that some of the provisions of that bill might run afoul of such prohibition. In addition to the cases cited in that opinion, we call your attention to Summerville v. North PlatteValley Weather Control District, 170 Neb. 46,101 N.W.2d 748 (1960), in which the court said that the Legislature could not delegate to private individuals either legislative or judicial functions.
The wording of your proposed bill is somewhat different from the bill previously considered. For one thing, it does not purport to delegate any of the Commission's powers, but only authorizes the Commission to designate registrars to register eligible horses and certify their eligibility to the Commission. While it may be argued that the change is more in form than in substance, and that the Supreme Court would look through the form to see what the bill actually does, we think the change is of some significance, because your bill does not wave the red flag of `delegation of powers,' and it can be argued that all your bill does is authorize the Commission to appoint someone to assist the Commission by investigating facts and certifying its findings to the Commission. The Commission would, then, be the ultimate authority making the finding of whether or not a particular horse was a Nebraska-bred horse, as defined by statute, which is a quasi-judicial function.
In our earlier opinion we suggested that the bill being considered could be construed to permit the private organization to set the registration fees, a legislative function. Your version eliminates any such possible construction by providing that the fee will be set by the Commission. It further puts a limit of $50 per horse on the fee.
A slight question may remain as to whether sufficient standards have been set to guide the Commission in setting the registration fee. In Gillette Dairy, Inc. v. NebraskaDairy Products Board, 192 Neb. 89, 219 N.W.2d 214 (1974), the court noted that a grant of power to an administrative agency must be administered in accordance with standards prescribed in the act. Your bill permits the Commission to authorize the registrar to collect fees `to compensate for expenses' of the registrar in the performance of its duties. To make it perfectly clear, it might be well to provide that the Commission, in setting the fee, should set it at such a figure as would reasonably compensate the registrar for its expenses in connection with registration of Nebraska-bred horses.
While the answer to your question is not completely without doubt, we believe we can successfully defend your bill, especially with the amendments suggested in the preceding paragraph.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General